Harrison Lumber & Hardware Company v. Commissioner.
Harrison Lumber & Hardware Co. v. Commissioner
Docket No. 53135.
United States Tax Court
T.C. Memo 1956-59; 1956 Tax Ct. Memo LEXIS 235; 15 T.C.M. (CCH) 281; T.C.M. (RIA) 56059; March 14, 1956
*235 Petitioner paid certain auditing and legal expenses incurred in connection with the investigation and litigation of income tax liabilities of its two controlling stockholders. Such income tax liabilities arose from transactions entered into by the two stockholders while partners in petitioner's predecessor partnership. Respondent determined that such expenditures were not deductible as ordinary and necessary business expenses and further determined that no part of the auditing expenses incurred by petitioner in 1952 was deductible since no allocation had been made showing what portion of such auditing expenses was attributable to the investigation and litigation of the stockholders' tax liabilities. 1. Held, petitioner has failed to prove that it assumed its stockholders' personal income tax liabilities as part of the purchase price of the assets transferred to it by the partnership and, accordingly, legal and auditing expenses paid by it in connection with the settlement of such liabilities are not deductible as ordinary and necessary business expenses. 2. Held, further, of the total auditing fees incurred by petitioner in 1952, the amount of $1,000 was incurred in connection *236 with routine corporate auditing services and is deductible as an ordinary and necessary business expense. Martin A. Rosenberg, Esq., Arcade Building, St. Louis, Mo., for the petitioner. Urban C. Bergbauer, Jr., Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This proceeding involves deficiencies in income tax determined against petitioner for the years 1951 and 1952 in the amounts of $4,192.77 and $5,674.50, respectively. The issues to be decided are: (1) whether petitioner is entitled to deduct, as ordinary and necessary business expenses, attorney fees paid by it in the years 1951 and 1952 in the amounts of $5,000 and $7,500, [1] respectively; and (2) whether petitioner is entitled to deduct, as ordinary and necessary business expenses, auditing fees paid by it in 1952 in the amount of $2,312.75. Certain other issues raised by the pleadings have been conceded and will be taken into account under a Rule 50 computation. Findings of Fact
*237 Harrison Lumber & Hardware Company (hereinafter referred to as petitioner) is a corporation organized and existing under the laws of the State of Missouri, with its principal office in the City of St. Louis, Missouri. It filed its income tax returns on the accrual basis, filing its return for the calendar year 1951 with the former collector of internal revenue, and for the calendar year 1952 with the director of internal revenue at St. Louis, Missouri. Petitioner is the successor of the Harrison Lumber & Hardware Company, a partnership composed of John W. Harrison and his brother, Clifford F. Harrison. These two individuals organized petitioner in December 1946, acquiring all of its outstanding stock except for a qualifying share which was held by their attorney. Petitioner took over the assets of the partnership as of January 2, 1947, and also assumed all the liabilities existing against the partnership on that date. Journal entries on petitioner's books, listing the various assets received and liabilities assumed, indicated that the assets exceeded the liabilities by the amount of $242,400.62. Of this amount, $150,000 was credited to capital stock and the remaining $92,400.62 *238 was credited to the two former partners' drawing accounts in the corporation. During the year 1946, petitioner's predecessor partnership bought lumber over the O.P.A. ceiling prices. At the time petitioner was incorporated, John W. Harrison and Clifford F. Harrison were aware that they might be liable personally for additional income taxes because of the over-ceiling payments claimed as deductions on the partnership return. In 1951, respondent made an audit of the tax liability of John W. Harrison and Clifford F. Harrison for the year 1946, and determined deficiencies against them based on (1) unexplained income, and (2) the over-ceiling payments which the partnership had made for merchandise. John W. Harrison and Clifford F. Harrison then filed petitions in this Court seeking a redetermination of the deficiencies determined by respondent. The issue involving unexplained income was disposed of by settlement prior to trial, John W. Harrison stipulating that he had failed to report $6,507.80 in unexplained income, and Clifford F. Harrison stipulating that he had failed to report $6,552.80 in unexplained income. The issue involving the over-ceiling payments was tried in this Court and *239 was decided in favor of the former partners. In connection with the investigation and litigation of the former partners' income tax liabilities for the year 1946, an attorney and an accountant were employed. On the basis of statements by the former partners that petitioner had assumed a contingent liability for any taxes owed by them personally because of over-ceiling payments by the partnership, the attorney allocated $12,000 of his $15,000 fee to petitioner. During the years 1951 and 1952, petitioner paid to the attorney fees in the amounts of $5,000 and $7,000, respectively, for the legal representation of the partners of the Harrison Lumber & Hardware Company, in connection with their over-ceiling purchases of lumber. During the year 1951, petitioner paid its auditing firm a sum in excess of $2,000, of which $480 was for work done in connection with the investigation and litigation of the former partners' income tax liabilities for 1946. In 1952, petitioner paid this auditing firm a total of $2,312.75 for income tax and auditing work. Respondent determined that the aforementioned legal fees paid by petitioner during the years 1951 and 1952 were personal expenses of the partners *240 of the predecessor partnership and did not constitute ordinary and necessary business expenses of petitioner. He further disallowed the auditing expenses of $2,312.75 incurred by petitioner in 1952 on the basis that: "* * * no information has been furnished to indicate portion allocable to corporate audit and portion allocable to services rendered in connection with predecessor partnership tax matters." Of the total auditing fees incurred by petitioner in 1952, the amount of $1,000 was incurred in connection with routine corporate auditing services rendered on petitioner's behalf. Opinion RICE, Judge: We must decide whether petitioner is entitled to deduct as ordinary and necessary business expenses certain amounts which it paid in connection with the investigation and litigation of the income tax liabilities of its two controlling stockholders. The income tax proceedings involving these two stockholders related to certain transactions executed by them while partners in the business to which petitioner subsequently succeeded. Various auditing and legal expenses were incurred in connection with such proceedings and petitioner paid, in addition to the auditing expenses, a part *241 of the legal expenses. Respondent contends that these expenditures by petitioner are to be regarded as voluntary payments on behalf of its stockholders and are not deductible as ordinary and necessary business expenses. Petitioner argues that it assumed, as part of the purchase price of the assets transferred to it by the partnership, a contingent liability for any income taxes which might subsequently be imposed upon the partners as a result of their interests in the partnership and that it should be permitted to deduct the cost of minimizing or eliminating such liability. Petitioner relies upon , and the line of cases cited therein which hold that when a taxpayer is liable for the income taxes of a predecessor organization, attorney fees incurred in the investigation and litigation of such tax liability are deductible expenses. However, the essential element common to all these cases is that the taxpayer, having acquired assets of a dissolved or insolvent taxable entity, is actuated to carry on the litigation by a desire to avoid or minimize its liability for taxes asserted against such predecessor. In the instant case, petitioner *242 has failed to carry its burden of proving that it, in fact, assumed a liability or was liable for income taxes which might subsequently be imposed upon its two stockholders, arising out of their prior partnership activities. At the time petitioner was incorporated, the stockholders were aware that they personally had a contingent liability for additional income taxes arising out of their partnership business. Although all the various assets and liabilities transferred by the partnership were carefully listed on the corporation's books, no entry was made to indicate that there might be a contingent liability which might substantially increase such liabilities which would, in turn, increase the basis of the assets acquired by the corporation. It is true that no liquidated value could then be assigned to this contingent liability, and that the partners may have acted with some degree of informality in setting up petitioner's books. However, there is no evidence in the record indicating that the assets and liabilities transferred to the corporation did not represent a full value and a fair price for the $150,000 of capital stock received in exchange therefor by the partners. Deductions *243 claimed by a closely-held corporation which appear to be expenditures on behalf of its stockholders must be closely scrutinized. On the basis of the record herein, we hold that petitioner has failed to carry its burden of proving that it assumed the personal tax liabilities of its stockholders. No issue with respect to transferee liability has been raised and it, therefore, does not appear that the fees here involved were incurred for the defense of petitioner's own rights rather than those of its stockholders. The attorney fees paid in connection with the investigation and litigation of its stockholders' liabilities must be treated as a voluntary payment on their behalf rather than as an ordinary and necessary business expense. The issue with respect to the auditing fees paid by petitioner in 1952 stands on another footing however. Respondent disallowed the total amount paid by petitioner for auditing services in 1952, aggregating $2,312.75, on the ground that petitioner had failed to show what portion of this amount was attributable to services rendered in connection with the stockholders' personal tax liabilities and what portion was allocable to services rendered on behalf of *244 petitioner. Although that portion of the auditing fees incurred in connection with the investigation and litigation of its stockholders' personal tax liabilities is, like the attorney fees, a nondeductible voluntary payment, the record indicates that a substantial part of this $2,312.75 was incurred for normal auditing services on behalf of petitioner itself. Doing the best we can with the evidence available to us, we have found as a fact that $1,000 of this amount was incurred for routine auditing services on behalf of petitioner and is, therefore, deductible as an ordinary and necessary business expense. (C.A. 2, 1930). Decision will be entered under Rule 50. Footnotes
1. The deficiency notice was in error on this amount as the record clearly shows that the amount of the attorney fees paid in 1952, which are here in issue, should be $7,000 rather than $7,500.↩